Floyd DARN, Petitioner—Appellant,

v.

Mike KNOWLES, Warden,
Respondent—Appellee.

No. 03–16091.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 27, 2004.

Floyd Darn, Ione, CA, pro se.

John J. Jordan, Amy Haddix, Attorney General, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: TROTT, MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Floyd Darn appeals the district court's denial of his habeas corpus petition, alleging that the admission of prior sexual assault evidence under California Evidence Code section 1108 and its related jury instruction, CALJIC 2.50.01, violated his federal constitutional right to due process because they impermissibly lower the prosecution's burden of proof.

At trial, Darn's sole objections to the introduction of the prior assault evidence were that the prior alleged assault did not fall within the scope of section 1108 as a same or similar offense and that the evidence was highly prejudicial. Darn did not raise a constitutional argument until his state appeal. Moreover, Darn did not object to CALJIC 2.50.01 at trial, and he made no independent argument as to the constitutionality of that instruction to the California Court of Appeal. Consequently, the California Court of Appeal held that the arguments were procedurally waived under California law, relying on the state's contemporaneous objection rule, *People v. McPeters*, 2 Cal.4th 1148, 1188, 9 Cal. Rptr.2d 834, 832 P.2d 146 (1992), and California Evidence Code § 353. Thus, his claims are procedurally barred in federal court.

Darn made no attempt to overcome this bar in the district court by demonstrating cause and prejudice or a fundamental miscarriage of justice. Consequently, federal habeas relief is unavailable.

AFFIRMED.

* Hon. Milton I. Shadur, Senior U.S. District Judge for Northern Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

